JUN 27 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Print Form

Instructions for use:
1. Check the above box "Highlight Fields" to show fields on this form.
2. Complete the form.
3. Print, sign the document, and file with the court.

2:07-CV-814-MHT

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

BILL LIETZKE,

        PLAINTIFF,

Plaintiff(s)

VS.

COUNTY OF MONTGOMERY, ET AL
REESE MCKINNEY, D.T. MARSHAL

        DEFENDANT.

Defendant(s),

JUL 09 2007

CLERK
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

COMPLAINT

C07-1061 RSM

IFP N/ISS

## Parties to this Complaint:

**Plaintiff's Name, Address and Phone Number**

BILL LIETZKE
547 SOUTH PERRY STREET, APT. 10
MONTGOMERY, ALABAMA 36104

**Defendant's Name, Address and Phone Number**

.

**Defendant's Name, Address and Phone Number**

REESE MCKINNEY
100 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA

07-CV-01061-CMP

1 | Defendant's Name, Address and Phone Number

D. T. MARSHALL
115 SOUTH PERRY STREET
MONTGOMERY, ALABAMA

(If you have more defendants, list them using the same outline on another piece of paper. Attach additional sheets, if necessary)

**Jurisdiction**
(Reason your case is being filed in federal court)

The Plaintiff claims that County of Montgomery Defendants violated federal law in which the Plaintiff seeks recovery of damages therefor under Title 42 U. S. C. Section 1983.

**Statement of Claim:**
(State here as briefly as possible the facts of your case.)

**Statement of Claim**
(continued):



**Statement of Claim**
(continued):

**Relief:**
(State briefly exactly what you want the court to do for you)

County of Montgomery Defendants must relinquish all documents, all records, all photographs, and any other written materials from Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama pertaining to the Plaintiff and pertaining to the information provided in this civil action to the custody of the United States District Court, Western District of Washington IMMEDIATELY. All such documents, records, and photographs must be present in the courtroom in the Western District of Washington at the time County of Montgomery Defendants and the Plaintiff attend the Pretrial and Trial Conferences. Defendants must relinquish to the Court all original records and documents pertaining to the Plaintiff. No copies will be accepted.

**Jury Demand:**
(Optional)

Date

Signature of Plaintiff

4. On August 2, 1999, by and through its agent sheriff's officers, County of Montgomery Defendants entered San Souci Apartments, 547 South Perry Street, proceeded to the second floor of San Souci Apartments 547 South Perry Street and approached the Plaintiff in the corridor on the second floor. County of Montgomery Defendants alleged, "Bill Lietzke?" When the Plaintiff acknowledged that he's Bill Lietzke, County of Montgomery Defendants seized the Plaintiff, abducted the Plaintiff, and carried the Plaintiff from 547 South Perry Street to Jackson Hospital, 1725 Pine Street, Montgomery, Alabama where the Plaintiff was incarcerate in a restrictive environment and could not leave.

5. When County of Montgomery Defendants arrived at Jackson Hospital 1725 Pine Street, Montgomery, Alabama with the Plaintiff, County of Montgomery Defendants and unidentified adult male hospital personnels forced the Plaintiff into a wheelchair and County of Montgomery Defendant shoved the Plaintiff in the wheelchair into Jackson Hospital, 1725 Pine Street where the Plaintiff remained for seven days.

6. On August 9, 1999, County of Montgomery Defendants returned to Jackson Hospital, 1725 Pine Street, placed shackles and chains around the Plaintiff's arms and legs, and carried the Plaintiff from Jackson Hospita 1725 Pine Street to the probate court of Montgomery County, 100 South Lawrence Street, Montgomery, Alabama. Present in the probate court of Montgomery County were approximately 4 sheriff's officers, a Montgomery lawyer known as Saxon Main, a Montgomery psychiatrist known as Margaret Bok, an unidentified probate court lawyer, and a probate court judge know as Reese McKinney. Reese Mckinney stated that it was ordered the Plaintiff be removed to the "Alabama Department of Mental Health." Count of Montgomery Defendants seized the Plaintiff in shackles and chains and carried the Plaintiff back to Jackson Hospital, 1725 Pine Street where the Plaintiff was incarcerated in a restrictive environment and could not leave.

7. On August 11, 1999, County of Montgomery Defendants returned to Jackson Hospital, 1725 Pine Street, placed shackles and chains around the Plaintiff's arms and legs, and carried the Plaintiff from Jackson Hospital, 1725 Pine Street to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama where the Plaintiff was imprison in a restrictive environment and could not leave.

8. In the intervening 78 days following the Plaintiff's kidnapping and false imprisonment, the Plaintiff was subjected to inappropriate medications and improper medical care. An unidentified adult black woman photographed and fingerprinted the Plaintiff without the Plaintiff's permission, and the Plaintiff was forced to sign documents inside Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama. Unidentified adult males punctured the Plaintiff with large hyperdermic needles withdrawing the Plaintiff's blood. A hospital securi guard, an unidentified adult black male, carried the Plaintiff to another Montgomery, Alabama location where unidentified adult males punctured the Plaintiff with large hyperdermic needles withdrawing the Plaintiff's blood, and carried the Plaintiff back to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road.

9. On October 19, Greil Memorial Psychiatric Hospital, 2140 upper Wetumpka Road, discharged and released the Plaintiff through Montgomery psychiatrist Roy Pasker.

10. On December 19, 2002, by and through its agent sheriff's officer County of Montgomery Defendants entered the private parking lot of Region Mortgage, Inc., 555 South Perry Street in a brown marked van, entered San Souci Apartments, 547 South Perry Street, proceeded upstairs to the second floor to the Plaintiff's house apartment 10 and knocked on the Plaintiff's door. When the Plaintiff answered his door, County of Montgomery Defendants seized the Plaintiff, placed shackles and chains

around the Plaintiff's arms and legs, and carried the Plaintiff from 547 South Perry Street to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama where the Plaintiff was incarcerated in a restrictive environment and could not leave.

11. In the intervening 18 days following the Plaintiff's kidnapping and false imprisonment, the Plaintiff was subjected to inappropriate medications and improper medical care. An unidentified adult black woman photographed and fingerprinted the Plaintiff without the Plaintiff' permission, and the Plaintiff was forced to sign documents inside Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama. Unidentified adult males punctured the Plaintiff with large hyperdermic needles withdrawing the Plaintiff's blood. A hospital security guard, an unidentified adult male, carried the Plaintiff from Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, to another Montgomery, Alabama location where the Plaintiff was subjected to X-ray tests without the Plaintiff's permission, and carried the Plaintiff back to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road.

12. On December 23, 2002, County of Montgomery Defendants returned Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, placed shackles and chains around the Plaintiff's arms and legs, and carried the Plaintiff to the probate court of Montgomery County, 100 South Lawrence Street, Montgomery, Alabama. Present in the probate court of Montgomery County were approximately 4 sheriff's officers, a Montgomery lawyer known as Sylvester Smith, an unidentified probate court lawyer, and an unidentified probate court judge. This probate court judge stated that it was ordered the Plaintiff be removed to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road. County of Montgomery Defendants seized the Plaintiff in shackles and chains and carried the Plaintiff back to Geil Memorial Psychiatric Hospital, 2140 Upper

Wetumpka Road.

13. On January 6, 2003, Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, discharged and released the Plaintiff through Montgomery psychiatrist Roy Pasker providing that the Plaintiff report every 4 weeks to the Montgomery Area Mental Health Authority, 101 Coliseum Boulrvard, Montgomery, Alabama as a conditiion of the Plaintiff's discharge.

### FIRST DEGREE KIDNAPPING

14. The Plaintiff incorporates by reference paragraphs 1 through 13 of the Complaint as though fully set out herein.

15. The Plaintiff avers that County of Montgomery Defendants forcibly, or by any other means of installing fear, stole, took, held, detained, and arrested the Plaintiff and carried the Plaintiff into another country, into another state, into another county, or into another part of the same county and are therefore guilty of first degree kidnapping.

16. The Plaintiff avers that County of Montgomery Defendants abducted the Plaintiff intentionally and unlawfully and without authority of law.

17. The Plaintiff avers that County of Montgomery Defendants are therefore guilty of first degree kidnapping if the Plaintiff was then intentionally and unlawfully confined.

### HARASSMENT

18. The Plaintiff incorporates by reference paragraphs 1 through 17 of the Complaint as though fully set out herein.

19. The Plaintiff avers that County of Montgomery Defendants, with the intent to harass, struck, shoved, kicked, and touched the Plaintiff and subjected the Plaintiff to unlawful physical contacts, unlawful detentions, and unlawful searches and seizures in violation of the Plaintiff's Fourth Amendment rights of the United States Constitution.

## FELONY FALSE IMPRISONMENT

20. The Plaintiff incorporates by reference paragraphs 1 through 1 of the Complaint as though fully set out herein.

21. The Plaintiff avers that County of Montgomery Defendants excercised force by which the Plaintiff was deprived of liberty and freedom of movement and was compelled to remain where the Plaintiff didn wish to remain, and was compelled to go where the Plaintiff didn't wish to go, within meaning of crime of false imprisonment.

22. The Plaintiff avers that County of Montgomery Defendants excercised force by which in fact the Plaintiff was deprived of his liberty and was compelled to remain where the Plaintiff didn't wish to remain, and was compelled to go where the Plaintiff didn't wish to go.

23. The Plaintiff avers that County of Montgomery Defendnnts intentionally confined the Plaintiff without lawful privilege and agains the Plaintiff's consentwithin a limited area for extended periods of tin

24. The Plaintiff avers that County of Montgomery Defendants confined the Plaintiff intentionally without lawful privilege and agains the Plaintiff's consent within a limited area for any appreciable time.

25. The Plaintiff avers that County of Montgomery Defendants, with general criminal intent, committed the act of felony false imprisonment, the natural probable and foreseeable consequences of which was the nonconsentual confinement of the Plaintiff.

26. As a proximate consequence of the Defendants' actions, the Plaintiff suffered deprivation of freedom of movement, deprivation of libewty, and immense mental anguish.

WHEREFORE, the Plaintiff is demanding that judgment is entered against County of Montgomery Defendants, who aren't statutorily immunize spparately and severally, for $7,000,000,000.00 and for the following:

1. Compensatory Damages, including interests, filing fees, reasonable attorney's fees, and all other costs, in the amount of $7,000,000,000.00

2. The Court assesses a fine against County of Montgomery Defendants for $80,000,000.00

3. The Court orders that County of Montgomery Defendants serve not less than 10 years in a maximum security state prison in the State of Washington.

4. County of Montgomery Defendants must relinquish all documents, all records, all photographs, and any other written materials from Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama pertaining to the Plaintiff and pertaining to the information provided in this civil action to the custody of the United States District Court IMMEDIATELY. Defendants must relinquish to the Court all original records and documents pertaining to the Plaintiff. No copies will be accepted.

DATED this 18th day of June, 2007

_[signature]_

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

C07-1061 RSM

BILL LIETZKE

Plaintiff/Petitioner

vs.

COUNTY OF MONTGOMERY, ET AL,
REESE MCKINNEY, D. T. MARSHALL

Defendant(s)/Respondent(s)

**APPLICATION TO PROCEED IN FORMA PAUPERIS, SUPPORTING DOCUMENTATION AND ORDER**

JUL 09 2007

JUN 27 2007

2:07-CV-814-MHT

I, (print your name) BILL LIETZKE declare I am the plaintiff/petitioner in the above entitled proceeding; that, in support of my request to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to relief. The nature of my action, defense, or other proceeding or the issues I intend to present are *briefly* stated as follows:

In support of this application, I answer *all* of the following questions:

1. Are you presently employed?

   ☐ Yes   If Yes, state the amount of your salary or wages per month, and give the name and address of your employer (list both gross and net salary):

   ☒ No   If No, state the date of last employment and the amount of the salary and wages per month which you received: MAY 14, 1984    $100 - $120 PER MONTH

2. In the past twelve months, have you received any money from any of the following sources?

   | | | Yes | No |
   |---|---|---|---|
   | a. | Business, profession or other self-employment | ☐ | ☐ |
   | b. | Rent payments, Interest or dividends | ☐ | ☐ |
   | c. | Pensions, annuities or life insurance payments | ☐ | ☐ |
   | d. | Disability or workers compensation payments | ☒ | ☐ |
   | e. | Gifts or inheritances | ☐ | ☐ |
   | f. | Any other sources | ☐ | ☐ |

3. Do you own any cash, or do you have money in checking or savings accounts?

   ☒ Yes   If Yes, state the total value of each item (include prison account funds)
   ☐ No    $96.00

07-CV-01061-IFP

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

☐ Yes    If Yes, describe the property and state its approximate value:

☒ No

5. Are any persons dependent upon you for support?

☐ Yes    If Yes, state your relationship to those persons, and indicate how much you contribute toward their support:

☒ No

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: JUNE 18, 1007        _____
                                  Signature of Applicant

### Certification
### (For Prisoner Applicants Only)

Have the institution fill out the Certification portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.

I certify that the applicant named herein has the sum of $_____ on account to his/her credit at

(Name of Institution) _____

Dated: _____    Signature of Financial Officer _____

### Order of Court

The application is hereby denied.

The application is hereby granted. Let the applicant proceed without prepayment of costs or fees or the necessity of giving security therefor.

_____   _____        _____   _____
United States Judge     Date             United States Judge     Date
or Magistrate Judge                      or Magistrate Judge