IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BILL LIETZKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 2:07cv814-MHT |
| COUNTY OF MONTGOMERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the undersigned Magistrate Judge upon Plaintiff's filing of a Complaint. Compl. (Doc. #1) at 1. For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS the Court DISMISS with prejudice Plaintiff's claims against Defendants Reese McKinney and D. T. Marshall as barred by the doctrine of *res judicata* and therefore frivolous under of 28 U.S.C. § 1915(e)(2)(B) (2000).[1] The undersigned further RECOMMENDS the Court DISMISS with prejudice Plaintiff's federal claims against the County of Montgomery (the County) as time barred. Having recommended the dismissal of the federal claims, the Magistrate Judge further RECOMMENDS that the Court DECLINE to exercise supplemental jurisdiction over the state civil law claims. It is also the RECOMMENDATION of the Magistrate Judge to

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

dismiss Plaintiff's state criminal claims against the County as a matter of law. Accordingly, the undersigned RECOMMENDS complete DISMISSAL of the Complaint without any opportunity for amendment and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

## I.    BACKGROUND

Plaintiff, Bill Lietzke ("Lietzke"), *pro se*, commenced this action on July 9, 2007, in the Western District of Washington. Compl. (Doc. #1). On September 11, 2007, United States District Judge Ricardo S. Martinez entered an Order transferring the action to the Middle District of Alabama. Order of July 17, 2007 (Doc. #2) at 2. Pursuant to 28 U.S.C. § 636(b)(1), the Honorable Myron H. Thompson, District Judge, referred this case to the undersigned for consideration and disposition or recommendation on all pretrial matters. Order of September 14, 2007 (Doc. #3). The Magistrate Judge granted Lietzke permission to proceed *in forma pauperis*, but stayed service of process, because it was evident the Complaint suffered from insurmountable defects which warrant dismissal. Order of September 14, 2007 (Doc. #4).

Lietzke's Complaint - neither sworn nor notarized - asserts a civil rights action under 42 U.S.C. § 1983 for monetary damages and miscellaneous relief. Compl. (Doc. #1) at unnumbered pages 9-10. Lietzke, a resident of the City and County of Montgomery, names the County, Reese McKinney, and D. T. Marshall as Defendants (hereinafter collectively Defendants). Compl. (Doc. #1) at unnumbered page 1. Reese

McKinney (Judge McKinney) is a probate judge in Montgomery County, Alabama.  D.T. Marshall (Sheriff Marshall) is the Chief Law Enforcement Officer in Montgomery County, Alabama.[2]

Liberally construing the Complaint, Lietzke alleges that Defendants violated his constitutional rights by subjecting him to excessive force, unlawful searches and seizures, unlawful arrest, and unlawful detentions.  He further avers that Defendants committed a number of state law torts, including false imprisonment and harassment, as well as two state crimes, "first degree kidnapping" and "felony false imprisonment."  Compl. (Doc. #1) at unnumbered pages 8-9.  Lietzke also claims that Defendants have deprived him of liberty and freedom of movement.  Id. at unnumbered page 9.  Lietzke does not assert any particular claim against any one Defendant, but instead, generally alleges all claims against all Defendants.  These claims arise from seven identified incidents, occurring between August 2, 1999, and January 3, 2003.  Id. at unnumbered pages 5-8.

---

[2]Though Lietzke individually names each Defendant in the style of the case, he generally makes his allegations against the "County of Montgomery Defendants."  E.g., Compl. (Doc. #1).  Furthermore, in describing the factual events upon which Lietzke claims his constitutional rights have been violated, Lietzke sets forth the allegations based upon the agency relationship between unidentified sheriff officers and the "County of Montgomery Defendants."  E.g., id. at unnumbered pages 5-6.  Lietzke also lists Judge McKinney's and Sheriff Marshall's business addresses as their physical addresses, but provides no contact information for the County.  Compl. (Doc. #1) at unnumbered pages 1-2.  These facts imply that Lietzke brought the suit against Judge McKinney and Sheriff Marshall in their official capacities.  Under the applicable standard of review, the Court will construe the allegations in Lietzke's favor and assume he intended to bring the action against Judge McKinney and Sheriff Marshall in their official capacities.  But see McDermott v. Brevard County Sheriff's Office, 2007 WL 788377 at *3 (M. D. Fla. Mar. 14, 2007) (construing the complaint as naming defendants in their individual capacity because plaintiffs titled their claim as against "Individual Defendants").

Specifically, Lietzke claims on August 2, 1999, sheriff officers for Defendants' seized him from his home and took him to Jackson Hospital, in Montgomery, Alabama, where he could not leave. Id. at unnumbered page 5. While at the hospital, Lietzke claims Defendants forced and shoved him into a wheelchair. Id. Seven days later, Judge McKinney held a probate hearing and ordered Lietzke, who appeared in shackles and chains, "removed" to the "Alabama Department of Mental Health." Id. Lietzke claims Defendants returned him to Jackson Hospital, where he could not leave. Id. On August 11, 1999, Lietzke claims Defendants transferred him to Greil Memorial Psychiatric Hospital in Montgomery, Alabama. Id. at unnumbered page 6. A doctor associated with Greil Memorial Psychiatric Hospital released Lietzke on October 19, 1999. Id.

Two years later, on December 19, 2002, Lietzke alleges Defendants again took him into custody and returned him to the Greil Memorial Psychiatric Hospital, where he could not leave. Compl. (Doc. #1) at unnumbered pages 6-7. On December 23, 2002, during another probate hearing, an unidentified judge ordered Lietzke to remain at the Greil Memorial Psychiatric Hospital. Id. at unnumbered page 7. A doctor associated with the hospital released Lietzke on January 6, 2003. Id. at unnumbered page 8.

Because Lietzke is proceeding *in forma pauperis*, the Court is required under the provisions of 28 U.S.C. § 1915(e)(2)(B) to dismiss a case at any time if it determines that the action or appeal is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).

The Court has reviewed Lietzke's Complaint carefully and has found it mirrors a complaint dismissed with prejudice this past June by this honorable Court.  Civil Action No. 2:07cv383WKW-TFM, Compl. (Doc. #1); Judgment (Doc. #11) (hereinafter Lietzke I).  Indeed, the Complaint in Lietzke I named both Sheriff Marshall and Judge McKinney, alleged the same seven incidents averred in the instant Complaint, and averred many of the same causes of action.[3]  Particularly, Lietzke asserted excessive force and unlawful detention claims in Lietzke I.  Civil Action No. 2:07cv383WKW-TFM, Compl. (Doc. #1) at ¶¶ 10, 15; Recommendation of Magistrate Judge (Doc. #7) at 2.  In light of these facts, the undersigned recommends that Lietkze's claims in the instant Complaint against Judge

---

[3]The undersigned further observes that Lietzke repeatedly files meritless Complaints in this Court.  Over the last ten months, Lietzke has filed four complaints, including the instant Complaint.  This Court dismissed his three prior complaints under 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted.  While the Court recognizes that Lietzke is a *pro se* litigant, the Court is concerned that Lietzke's repeated filings constitute an abuse of process, which could warrant sanctions.

McKinney and Sheriff Marshall are barred by the doctrine of *res judiciata*. The undersigned also recommends dismissal of Lietzke's federal claims against the County because those claims are time barred. Finally, the undersigned recommends dismissal of Lietzke's criminal claims against the County as a matter of law. S*ua sponte* dismissal of Lietzke's Complaint is therefore warranted. See Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

## II.    DISCUSSION

### A.    Dismissal of all Claims against Judge McKinney and Sheriff Marshall for *Res Judicata*

The doctrine of *res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). If the later litigation arises from the same cause of action, *then the judgment bars litigation not only of "every matter which was actually offered and received to sustain the demand, but also [of] every [claim] which might have been presented."* Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 319 (1927) (emphasis added). A claim is barred by the doctrine of *res judicata* if all four of the following elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d at 1238. To decide whether the causes of action are the same in two suits, the court compares the substance of the actions to determine if their primary

rights and duties are identical. Id. at 1239. If a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate as a former action, the two cases are really the same claim or cause of action for purposes of *res judicata*. See id.

The undersigned finds Lietzke's instant lawsuit is barred by the doctrine of *res judicata*. All four elements clearly are met. First, this honorable Court unequivocally entered a final judgment on the merits, dismissing Lietzke's previous action with prejudice. Second, this Court had jurisdiction to enter judgment on Lietzke's claims under 28 U.S.C. § 1331. Third, Lietzke clearly brought suit against Judge McKinney and Sheriff Marshall in Lietzke I as well as the instant action. Fourth, the claims in the instant Complaint repeat or arise from the same facts as Lietzke's allegations in Lietzke I – both complaints involve seven incidents from August 1999 through January 2003 relating to his incarceration in local psychiatric facilities. Although Lietzke added several claims to the instant Complaint, he could have raised those claims in Lietzke I. Because the four requirements for *res judicata* are met for all claims asserted against Sheriff Marshall and Judge McKinney in the instant Complaint, the undersigned recommends the District Court find Lietzke's claims barred by *res judicata* and, therefore, dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).[4] See Hawley v. Bd. of Regents of the Univ. Sys. of Ga., 203 Fed. Appx. 997, 997 (11th Cir. 2006) (affirming district court determination that plaintiff's claims were barred by *res judicata* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

---

[4]The Court observes that Lietzke's federal claims are not barred against the County on the basis of *res judicata* because the County was not a party to Lietzke I.

7

and therefore dismissed); Gimenez v. Morgan Stanley, 202 Fed. Appx. 583, 583-84 (3d Cir. 2006); McWilliams v. State of Col., 121 F.3d 573, 574-75 (10th Cir. 1997) (holding repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984) (finding that a complaint barred by *res judicata* is legally frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i)); see also Nietzke v. Williams, 490 U.S. at 327-28 (finding a complaint frivolous under 28 U.S.C. § 1915 if it contains "inarguable legal conclusions").

### B. Dismissal under 28 U.S.C. § 1915 of all Federal Claims against the County as Barred by Statute of Limitations

The undersigned also recommends dismissal of Lietzke's federal claims against the County.[5] Clearly, Lietzke alleges the violations took place more than two years prior to the filing of the instant complaint. As such, the claims run afoul by the statute of limitations. While there is no express statute of limitations in the Civil Rights Act, federal courts must look to state law to determine what statute of limitations is applicable and whether that limitations period is tolled. Dukes v. Smitherman, 32 F.3d 535, 537 (11th Cir. 1994) (citing Whitson v. Baker, 755 F.2d 1406, 1409 (11th Cir. 1985)). Under Alabama law, the most applicable limitations period for personal injury actions is the Alabama general two-year statute of limitations for personal injury actions. Ala. Code §

---

[5]To the extent the District Court rejects the undersigned's analysis in subsection A, supra, the analysis presented infra in subsections B, C, and D, also would serve to dismiss Lietzke's claims in the instant Complaint against Sheriff Marshall and Judge McKinney.

6-2-38; see Owens v. Okure, 488 U.S. 235, 249-50 (1989) (holding that the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); see also Dukes, 32 F.3d at 537 (holding that section 1983 claims are subject to Alabama's general two year statute of limitations for personal injury claims); Lufkin v. McCallum, 956 F.2d 1104, 1105 (11th Cir. 1992) (citation omitted); Burt v. Martin, 193 Fed. Appx. 829, 830 (11th Cir. 2006) (citing Owens and stating that the appropriate statute of limitations is two years).

While the statute of limitations is usually a matter which may be raised as an affirmative defense, in an action proceeding under § 1983, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. Clark v. State of Ga. Pardons & Parole Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990); see also Ali v. Higgs, 892 F.2d 438, 439-40 (5th Cir. 1990) (dismissing with prejudice a civil rights complaint filed *in forma pauperis* and pursuant to § 1983 when barred by two-year statute of limitations). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915 dismissal is allowed." Clark, 915 F.2d at 640. Further, in analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Ali, 892 F.2d at 440. "It necessarily follows that in the absence of a defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." Id.

On its face, the Complaint alleges violations between 1999 and 2003. Lietzke

filed the instant Complaint in 2007, four to eight years later. Accordingly, the undersigned recommends the District Court conclude the federal claims against the County are barred by the two year statute of limitations and, therefore, subject to dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). See Clark, 915 F.2d at 640.[6]

### C.  Civil State Law Claims Against the County

To the extent the District Court construe Lietzke's allegations against the County as state law claims, Lietzke's contentions are due to be dismissed. If the federal claims over which the court has original jurisdiction are dismissed, the court may decline to exercise jurisdiction over state law claims. See 28 U.S.C. § 1367(c)(3); McCulloch v. PNC Bank, Inc., 298 F.3d 1217, 1227 (11th Cir. 2002). In view of this Court's recommendation to dismiss Lietzke's federal claims against the County, the undersigned recommends that Lietzke's supplemental state law claims are also due to be dismissed. Id.

### D.  Criminal Kidnapping and False Imprisonment Claims against the County

Lietzke's criminal "first degree kidnapping" and "felony false imprisonment" claims against the County also fail. Compl. (Doc. #1) at unnumbered pages 8-9. These claims are due to be dismissed, because no citizen has an enforceable right to institute a

---

[6]Although Clark interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained in that decision remains applicable to the directives contained in the present statute.

criminal prosecution. Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). Accordingly, the undersigned Magistrate Judge recommends dismissal of Lietzke's "first degree kidnapping" and "felony false imprisonment" claims against the County.

## III.   CONCLUSION

For the reasons discussed above, the undersigned Magistrate Judge RECOMMENDS the Court DISMISS with prejudice Plaintiff's claims against Defendants Reese McKinney and D. T. Marshall as barred by the doctrine of *res judicata* and therefore frivolous under of 28 U.S.C. § 1915(e)(2)(B) (2000). The undersigned further RECOMMENDS the Court DISMISS with prejudice Plaintiff's federal claims against the County of Montgomery (the County) as time barred. Having recommended the dismissal of the federal claims, the Magistrate Judge further RECOMMENDS that the Court DECLINE to exercise supplemental jurisdiction over the state civil law claims. It is also the RECOMMENDATION of the Magistrate Judge to dismiss Plaintiff's state criminal claims against the County as a matter of law. Accordingly, the undersigned RECOMMENDS complete DISMISSAL of the Complaint without any opportunity for amendment and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before October 23, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 10th day of October, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE